IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MURRAY A. HALL, | § | |
| | § | |
| Defendant Below, | § | No. 453, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2102000900 (K) |
| | § | |
| Appellee. | § | |

Submitted: January 16, 2024
Decided: February 2, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the notice to show cause and the responses to the notice to show cause, it appears to the Court that:

(1) On December 6, 2023, the appellant, Murray A. Hall, filed a notice of appeal from a Superior Court order, docketed on November 3, 2023, adopting the Commissioner's report and recommendation and denying Hall's motion for postconviction relief under Superior Court Criminal Rule 61. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before December 4,

2023.[1]  The Senior Court Clerk issued a notice directing Hall to show cause why this appeal should not be dismissed as untimely filed.

(2)     In his responses to the notice to show cause, Hall states that he did not have access to his property, including legal materials, as a result of a disciplinary infraction and was unable to mail his notice of appeal until November 28, 2023.  The State contends that Hall could have filed his appeal before his disciplinary infraction, but instead waited three weeks from the date of Superior Court's order to pursue an appeal.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)     Hall has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel.  Prison personnel are not court-related

---

[1] Because the last day of the thirty-day appeal period fell on a Sunday, the time to appeal extended until Monday, December 4th.  Supr. Ct. R. 11(a).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

personnel.[6] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.[7]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[6] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).

[7] *See, e.g., Lampkins v. State*, 2018 1129631, at *1 (Del. Feb. 28, 2018) (dismissing untimely appeal where the defendant claimed that he had difficulty preparing paperwork because he was unable to use the law library and legal papers were confiscated as a result of disciplinary problems); *Drummond v. State*, 2006 WL 1519357, at *1 (Del. May 31, 2006) (dismissing untimely appeal where the defendant contended that he was unable to file a timely notice of appeal because he had been on solitary confinement for a disciplinary infraction and did not have access to his personal documents).